**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Clarence E. LONG, Howard Edward Tracy, and Joseph A. Lugo, Defendants.**

Civ. A. No. 89–4075–S.

United States District Court, D. Kansas.

April 6, 1990.

See also, D.C., 106 B.R. 697.

Stephen Webster, Phillip W. Offill, Jr., Securities & Exchange Com'n, Fort Worth, Tex., Lee Thompson, U.S. Atty., D. Brad Bailey, Asst. U.S. Atty., Topeka, Kan., for plaintiff.

Clarence E. Long, pro se.

Joseph A. Lugo, pro se.

Ronald Schindler, Fowler, White, Burnett, Hurley, Bannick & Strickroot, P.A., Miami, Fla., for H. Edward Tracy.

MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant Clarence Long's motion for protective order in which he seeks to quash three deposition notices. Plaintiff issued three deposition notices: one for the deposition of defendant Long's wife, Jeanie C. Long, to be taken on January 23, 1990; one for the deposition of defendant Long, to be taken on January 24, 1990; and one for defendant Joseph A. Lugo, to be taken on January 26, 1990.

In support of the present motion, defendant argues that plaintiff has taken his deposition on two previous occasions and that a third deposition is unduly burdensome and duplicative. Defendant further asserts that he had planned to be out of the country during the times scheduled in the deposition notices. Secondly, defendant argues that the motion to quash the notice to take his wife's deposition should be granted because of the husband-wife privilege. Finally, defendant seeks to quash the notice for Lugo's deposition because of his inability to be present on the scheduled date.

■ According to the court's scheduling order of September 22, 1989, all discovery was to be completed by January 26, 1990. This deadline caused plaintiff to schedule the depositions for January 23–26. The court finds that plaintiff has presented sufficient reasons for deposing defendant Long for a third time. Therefore, the court will allow plaintiff to reschedule the deposition of defendant Long within the next 30 days.

■ Regarding the asserted husband-wife privilege, the court must apply Kansas law concerning evidentiary privileges. Fed.R.Evid. 501. Under Kansas law, marital privilege extends only to confidential communications between spouses. *See* *State v. Newman*, 235 Kan. 29, 40, 680 P.2d 257 (1984). The marital relationship does not affect a person's competency to testify, but may limit the areas of a witness's testimony. Therefore, the court finds that the present claim of privilege is premature, since defendant's wife has not even been questioned yet. Therefore, the court will deny defendant's motion for protective order regarding the deposition notice of Jeanie C. Long.

Finally, defendant Long's problem with the convenience of the date set for Lugo's deposition has been resolved by the filing of the present motion. Therefore, the court will allow plaintiff to reschedule the deposition of Lugo within the next 30 days.

The court encourages plaintiff to reschedule the depositions at a time and place convenient for the party to be deposed.

IT IS THEREFORE BY THE COURT ORDERED that defendant Clarence E. Long's motion for protective order is denied.

IT IS FURTHER ORDERED that plaintiff may reschedule the challenged depositions within 30 days of the date of this order.